**McGuireWoods LLP**
Benjamin J. Sitter (SBN #273394)
K. Elizabeth Sieg (*pro hac vice* forthcoming)
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
Telephone:  412-667-7904
Email: bsitter@mcguirewoods.com
Email: bsieg@mcguirewoods.com

*Attorneys for Defendants Navient Corporation*
*and Navient Solutions, LLC*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JAY KUO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>NAVIENT CORPORATION; NAVIENT SOLUTIONS, LLC,<br><br>        Defendants. | CASE NO. 3:22-cv-05282-JD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     January 12, 2023<br>Time:    10:00 a.m.<br>Ctrm:    11, 19th Floor<br><br>Complaint Filed: September 16, 2022<br><br>**CLASS ACTION**<br><br>Honorable James Donato |

**TO THE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at 10:00 a.m. on January 12, 2023 in Courtroom 11 of the San Francisco Courthouse of the above captioned court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Navient Corporation and Navient Solutions, LLC ("Defendants" or "Navient") will and hereby move this Court to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

This motion is brought on the grounds that this Court's exercise of general or specific personal jurisdiction over Defendants violates due process and California's Long-Arm statute, because the New York plaintiff's Complaint pleads no claims arising out of Navient's forum-related activities, and Navient cannot be deemed "at home" in California.

Defendants' motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Mark Heelen ("Exhibit A") and Patty McKeown ("Exhibit B"), all records and papers on file in this action, and any other evidence the Court may consider in deciding this motion.

DATED: November 10, 2022          MCGUIREWOODS LLP


                                  By:  */s/ Benjamin J. Sitter*
                                       Benjamin J. Sitter

                                       *Attorneys for Defendants Navient Corporation*
                                       *and Navient Solutions, LLC*

# TABLE OF CONTENTS

**Page**

FACTS ...................................................................................................................... 2

      A.     Background ................................................................................................ 2

      B.     Crocker Litigation .................................................................................... 3

      C.     Present Dispute ........................................................................................ 3

LEGAL STANDARD .............................................................................................. 4

ARGUMENT ........................................................................................................... 4

I.      NO GENERAL JURISDICTION EXISTS BECAUSE NAVIENT IS NOT "ESSENTIALLY AT HOME" IN CALIFORNIA. ................................................. 5

II.     NO SPECIFIC JURISDICTION IS PLED OR EXISTS OVER NAVIENT ......................... 8

      A.     The alleged facts forming the basis of the Complaint do not support a finding that Navient purposefully availed itself of California law .............................. 8

      B.     Plaintiff's Claims Do Not Arise Out of Nor Do They Relate To Any of Navient's Forum-Related Activities ....................................................... 11

      C.     The exercise of jurisdiction over Navient would not comport with fair play and substantial justice ........................................................................... 13

CONCLUSION ...................................................................................................... 15

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

1

2

<u>**TABLE OF AUTHORITIES**</u>

3

**Page(s)**

4

**Cases**

5

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
   551 F.2d 784 (9th Cir. 1977) ................................................................................................ 4

6

*Amiri v. DynCorp Int'l, Inc.*,
   No. 14-CV-3333, 2015 WL 166910 (N.D. Cal. Jan. 13, 2015) ............................................... 7

7

8

*Aurora Corp. of America v. Michlin Prosperity Co., Ltd.*,
   No. CV 13-3516, 2015 WL 5768340 (C.D. Cal. Sept. 29, 2015) .......................................... 12

9

10

*Axiom Foods, Inc. v. Acerchem International, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) ............................................................................................. 11

11

*Azzarello v. Navagility, LLC*,
   No. C-08-2371, 2008 WL 4614667 (N.D. Cal. Oct. 16, 2008) ............................................ 12

12

13

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) .............................................................................................. 9, 10, 13

14

15

*In re Cathode Ray Tube* (*CRT*) *Antitrust Litig.*,
   27 F. Supp. 3d 1002 (N.D. Cal. 2014) ................................................................................. 4

16

*Chinnock v. Navient Corp.*,
   No. 1:18-CV-1009, 2018 WL 5312462 (N.D. Ohio Oct. 26, 2018) ....................................... 7

17

18

*Cole-Parmer Instrument Co. LLC v. Pro. Labs., Inc.*,
   No. 20-CV-8493, 2021 WL 3053201 (N.D. Cal. July 20, 2021) ............................................ 5

19

20

*ConocoPhillips Co. v. Jump Oil Co., Inc.*,
   948 F. Supp. 2d 1272 (N.D. Okla. 2013) ............................................................................. 9

21

22

*CoreVent Corp. v. Nobel Indus. AB*,
   11 F.3d 1482 (9th Cir. 1993) ............................................................................................. 14

23

*Crocker et al. v. Navient Solutions, LLC et al.*,
   Case No. 15-35886 (Bankr. S.D. Tex.) ................................................................................ 3

24

25

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) .................................................................................... 1, 4, 5, 6, 7

26

27

*Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*,
   557 F.2d 1280 (9th Cir. 1977) ............................................................................................. 5

28

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*Dole Food Co., Inc. v. Watts,*
  303 F.3d 1104 (9th Cir. 2002) ............................................................................ 14

*Freestream Aircraft (Berm.) Ltd. v. Aero L. Grp.,*
  905 F.3d 597 (9th Cir. 2018) .............................................................................. 13

*Goodyear Dunlop Tires Operations S.A. v. Brown,*
  131 S. Ct. 2846 (2011) ......................................................................................... 5

*Gray & Co. v. Firstenberg Mach. Co.,*
  913 F.2d 758 (9th Cir. 1990) ................................................................................ 8

*Hanson v. Denckla,*
  357 U.S. 235 (1958) ............................................................................................ 10

*Head v. Las Vegas Sands, LLC,*
  298 F. Supp. 3d 963 (S.D. Tex. 2018), *aff'd,* 760 F. App'x 281 (5th Cir. 2019) .................. 10

*Henderson v. United Student Aid Funds, Inc.,*
  No. 13-cv-1845, 2015 WL 12658485 (S.D. Cal. Apr. 8, 2015) ................................ 6

*Houseman v. DPI Food Products, Inc.,*
  No. Civ.A.2005-66, 2005 WL 2656123 (E.D. Ky. Oct. 18, 2005) ........................... 9

*Kipp v. Ski Enter. Corp. of Wisconsin,*
  783 F.3d 695 (7th Cir. 2015) ................................................................................ 6

*Lak, Inc. v. Deer Creek Enters.,*
  885 F.2d 1293 (6th Cir. 1989) .............................................................................. 9

*Lancaster v. Your Story Inc.,*
  No. CV-18-00128, 2018 WL 4095132 (D. Ariz. Aug. 28, 2018) ........................... 15

*Maeda v. Pinnacle Foods Inc.,*
  390 F. Supp. 3d 1231 (D. Haw. 2019) ................................................................... 8

*In re Martin,*
  Case No. 10-3480 (Bankr. N.D. Cal.) .................................................................... 2

*Martinez v. Aero Caribbean,*
  764 F.3d 1062 (9th Cir. 2014) .............................................................................. 5

*McGlinchy v. Shell Chemical Co.,*
  845 F.2d 802 (9th Cir. 1988) ................................................................................ 9

*Menken v. Emm,*
  503 F.3d 1050 (9th Cir. 2007) ......................................................................... 4, 14

*Nat'l Cas. Co. v. Burns & Wilcox Ltd.,*
  No. CV-19-04854, 2020 WL 4039119 (D. Ariz. July 17, 2020) ........................... 14

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*In re Packaged Seafood Prod. Antitrust Litig.*,
  338 F. Supp. 3d 1118 (S.D. Cal. 2018) ................................................................. 4

*Perkins v. Benguet Consol. Mining Co.*,
  342 U.S. 437 (1952) ............................................................................................... 7

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ......................................................................... 8, 11

*Roth v. Garcia Marquez*,
  942 F.2d 617 (9th Cir. 1991) .......................................................................... 9, 12

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ................................................................................ 8

*Signal Peak Energy, LLC v. Generon IGS, Inc*,
  No. CV 17-66, No. CV 17-66, 2018 WL 5149659 (D. Mont. Oct. 22, 2018) ........... 6

*Smith v. ComputerTraining.com Inc.*,
  772 F. Supp. 2d 850 (E.D. Mich. 2011) .......................................................... 10, 11

*TH Agriculture & Nutrition, LLC v. Ace European Group, Ltd.*,
  488 F.3d 1282 (10th Cir. 2007) ............................................................................ 9

*Tuazon v. R.J. Reynolds Tobacco Co.*,
  433 F.3d 1163 (9th Cir. 2006) .............................................................................. 4

*Verotex Certainteed Corp. v. Consol. Fiberglass Prods. Co.*,
  75 F.3d 147 (3d Cir. 1996) ................................................................................... 12

*Wagner v. Terumo Med. Corp.*,
  No. 18cv1007, 2018 WL 6075951 (S.D. Cal. Nov. 21, 2018) ................................. 6

*Walden v. Fiore*,
  571 U.S. 277 (2014) ..................................................................................... 4, 6, 11

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ............................................................................................... 4

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
  145 F. Supp. 2d 1168 (N.D. Cal. 2001) ................................................................ 14

*Yahoo! Inc. v. LaLigue Contre La Racisme Et L'Antisemitisme*,
  433 F.3d 1199 (9th Cir. 2006) .............................................................................. 4

**Statutes**

A.R.S. § 33–420 ........................................................................................................ 14

Cal Civ. Proc. Code § 410.10 ...................................................................................... 4

California's Unfair Competition Law, Business & Professions Code § 17200 *et seq.* ................... 1

Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ................... 1

**Other Authorities**

Fourteenth Amendment ........................................................................................................... 4

Rule 12(b)(2) ................................................................................................................. 1, 4, 15

U.S. Constitution ................................................................................................................... 4

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Navient Corporation and Navient Solutions, LLC (collectively, "Navient" or "Defendants") respectfully submit this memorandum of points and authorities in support of their Rule 12(b)(2) motion challenging the personal jurisdiction pled in the Complaint [Dkt. No. 1].

The Complaint presents a New York citizen alleging that a Delaware-based company has improperly attempted to collect payment on a promissory note governed by Utah law.  Despite there being no connection between Navient's alleged activities and California, Plaintiff nevertheless seeks relief in a California federal court.  Specifically, Plaintiff seeks injunctive relief to halt Navient's alleged collection activities (Count 1), contending that Navient's actions are in violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*. (Count 4), and California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200 *et seq.* (Count 5). Plaintiff also brings claims alleging common law fraud (Count 2) and negligent misrepresentation (Count 3).

The Complaint must be dismissed because California has no connection to either Plaintiff or Navient, nor does the alleged conduct forming the basis of Plaintiff's claims arise in California or have any current connection to the State.

There are two types of personal jurisdiction: general and specific.  Plaintiff fails to meet his burden to show that either may be asserted over Navient in this case.

No general jurisdiction can exist over Navient in this action.  Navient Corporation is incorporated in Delaware, while Navient Solutions, LLC is a Delaware limited liability company. Navient Corporation's principal place of business is in Delaware, and Navient Solution, LLC's principal place of business is in Virginia.  On those grounds alone, Navient may not be deemed "at home" in California under the exacting standard for general jurisdiction articulated by the Supreme Court in *Daimler AG v. Bauman*, 571 U.S. 117 (2014).  Accordingly, no general jurisdiction exists over Navient in California.

The Complaint also alleges no basis for specific jurisdiction over Navient.  Indeed, none can exist because Plaintiff's dispute involves no California parties and no conduct directed toward or occurring within the State of California, nor did any of Plaintiff's alleged injuries arise in California.

1   The only connection this case has to California is that Plaintiff happened to live in California

2   nearly 14 years ago when he co-signed the promissory note at issue in this case.  This connection,

3   remote in time and factually and legally irrelevant to the claims in this case, is too thin a reed on

4   which to establish personal jurisdiction over Navient.  For these reasons, this action must be

5   dismissed.

**FACTS**

6

7   **A.  Background**

8   Plaintiff Lee Jay Kuo ("Plaintiff") is an individual who resides in New York.  Compl. ¶ 4.  In

9   March 2009, Charles Martin ("Martin") signed a promissory note (the "Note") by which he obtained

10  a Bar Study loan in the amount of $15,000 from Sallie Mae, Inc., the predecessor to Navient

11  Solutions, LLC.  Compl. ¶ 25.  Plaintiff, who then resided in California, executed a guarantee (i.e.

12  co-signed) on the Note, expressing his intent to perform, as a guarantor of the loan.  Compl. ¶¶ 5, 25.

13  On December 10, 2010, Martin filed for bankruptcy protection.  *See In re Martin*, Case No.

14  10-3480 (Bankr. N.D. Cal.).  On March 8, 2011, the bankruptcy court issued Martin a discharge

15  order.  Compl. ¶ 25; Pl.'s Exhibit A.

16  Navient Solutions, LLC, as the successor to Sallie Mae, Inc., eventually acquired the

17  servicing rights on the Note.  Compl. ¶ 25.  Navient Corporation, the parent company of Navient

18  Solutions, LLC, is incorporated in Delaware, headquartered in Delaware, with its principal place of

19  business in Wilmington, Delaware.  Compl. ¶¶ 5-6; Declaration of Mark Heleen ("Ex. A") at ¶ 3.

20  Navient Solutions, LLC is a Delaware limited liability company, headquartered in Virginia, with its

21  principal place of business in Herndon, Virginia.  Ex. A at ¶ 4.  Navient Solutions, LLC maintains

22  facilities in four states across the nation, none of which are located in California.  *See* Declaration of

23  Patti McKeown ("Ex. B") at ¶ 2.  Navient Corporation maintains no offices or facilities in

24  California, and has no employees who reside in California.  *See id.*  Navient Solutions, LLC

25  maintains no offices in California, and only 2 employees work out of their homes in California.  *Id.*

26  at ¶ 3.  Neither Navient Corporation nor Navient Solutions, LLC have executives, officers, or

27  managing members located in California.  *See id.*

28

**B.** *Crocker* **Litigation**

In 2016, Navient Solutions, LLC was sued by a nationwide class of Bar Study loan borrowers who argued that Navient had been improperly attempting to collect payment on those loans after those borrowers had received bankruptcy discharges.  Compl. ¶ 24; *Crocker et al. v. Navient Solutions, LLC et al.*, Case No. 15-35886 (Bankr. S.D. Tex.).  On April 11, 2017, the parties in that class action submitted an Agreed Order of Voluntary Temporary Suspension of Collection Efforts, whereby Navient agreed that it would suspend all collections on Bar Study loans.  Compl. ¶ 25.  In March 2022, after nearly five years of litigation, the parties in *Crocker* agreed to a settlement whereby Navient would forgo collection for certain debtors who had their discharges issued within the Fifth Circuit.  Compl. ¶ 27.

**C.  Present Dispute**

On May 5, 2022, Navient Solutions, LLC sent to Plaintiff—at his address in New York—a form notice indicating that Plaintiff was "now responsible for payment" on the Note.  Compl. ¶ 27; Pl.'s Ex. B.  In the notice, Navient informed Plaintiff that "[a]s a result of the discharge of [Martin's] obligation, you are now solely responsible for repayment of the outstanding balance and the loan has been transferred into your name." *Id.*

Shortly thereafter, Navient sent Plaintiff a statement for payment of $512.57 on a balance of $38,581.27.  Compl. ¶ 32; Pl.'s Ex. B.  On May 31, 2022, Plaintiff—from New York—sent Navient a letter expressing that he did not know the Bar Study loan had been discharged, and asking Navient to provide him with "written evidence of this discharge immediately."  Compl. ¶ 33.  Navient then exchanged additional letters with Plaintiff over the course of the next few months.   Although Navient notified Plaintiff that collection activities on the Note had been suspended during the *Crocker* litigation, Plaintiff sent Navient a series of messages requesting information as to when Navient knew that the Bar Study loan had been discharged.  Compl. ¶¶ 33-40.

Plaintiff refused to provide payment to Navient, which forced Navient to send him another letter on July 24, 2022, where Navient gave him the opportunity to avoid a late fee if he paid the amount owed on the debt by August 1, 2022.  Compl. ¶ 39; Pl.'s Ex. D.  Plaintiff does not allege that he made any payments on the debt.  Navient further informed Plaintiff on July 25, 2022 that

Martin's 2011 discharge order had "no bearing on [Plaintiff's] responsibility for paying the debt." Compl. ¶ 40.

## LEGAL STANDARD

Because Navient seeks dismissal under Rule 12(b)(2), Plaintiff bears the burden of establishing personal jurisdiction. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006). Plaintiff must make a *prima facie* showing of jurisdictional facts to withstand Navient's motion to dismiss. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Although the Court must accept Plaintiff's allegations as true, Plaintiff cannot "simply rest on the bare allegations of [his] complaint." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). In evaluating Navient's motion, a court may consider declarations in support of the motion. *In re Cathode Ray Tube* (*CRT*) *Antitrust Litig.*, 27 F. Supp. 3d 1002, 1008 (N.D. Cal. 2014).

## ARGUMENT

This Court lacks personal jurisdiction over Navient. This matter has no connection with California. Plaintiff resides in New York and none of the conduct he complains of – nor the injuries he allegedly sustained—occurred in California. Navient Corporation and Navient Solutions, LLC are both Delaware companies with headquarters in Delaware and Virginia, respectively. Neither company has offices in California and Navient Solutions, LLC has only a handful of employees who reside in California—none of whom have any connection with this case.

"A court's power to exercise jurisdiction over a party is limited by both statutory and constitutional considerations." *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1135 (S.D. Cal. 2018). "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore,* 571 U.S. 277, 283 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980)). California's long-arm statute, Cal Civ. Proc. Code § 410.10, allows for "the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Daimler,* 571 U.S. at 125. Because California's long-arm statute is co-extensive with federal due process requirements, only a due process analysis is necessary in considering a challenge to personal jurisdiction. *Yahoo! Inc. v. LaLigue Contre La Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

4

Under the Constitution, personal jurisdiction can take the form of either general or specific jurisdiction.  *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d 1280, 1286 (9th Cir. 1977).  Both are lacking here because: 1) Navient cannot be deemed "essentially at home" in California, and 2) this case involves no California parties, no California conduct, and no California injuries.  There is simply no nexus between Navient's alleged activities and California.

## I.   NO GENERAL JURISDICTION EXISTS BECAUSE NAVIENT IS NOT "ESSENTIALLY AT HOME" IN CALIFORNIA.

"General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state are so constant and pervasive as to render it essentially at home in the state." *Martinez v. Aero Caribbean,* 764 F.3d 1062, 1066 (9th Cir. 2014) (internal quotation marks omitted).  "With respect to a corporation, the place of incorporation and principal place of business are paradig[matic] . . . bases for general jurisdiction." *Daimler,* 571 U.S. at 137 (internal quotation marks omitted).

"[T]he Ninth Circuit has rejected the notion that general jurisdiction is appropriate whenever a corporation engages in a substantial, continuous, and systematic course of business in a state." *Cole-Parmer Instrument Co. LLC v. Pro. Labs., Inc.,* No. 20-CV-8493, 2021 WL 3053201, at *4 (N.D. Cal. July 20, 2021) (quoting *Martinez,* 764 F.3d at 1070) (internal quotation marks omitted).  "Rather, if a business is not incorporated in and does not have its principal place of business in a forum state, '[o]nly in an 'exceptional case' will general jurisdiction be available.'" *Id.* (quotation omitted).  The Supreme Court explained in *Daimler* that the inquiry is "not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Daimler*, 571 U.S. at 138-39 (quoting *Goodyear Dunlop Tires Operations S.A. v. Brown,* 131 S. Ct. 2846, 2851 (2011))

Here, the Complaint does not allege, nor could it, that Navient is "at home" in California.  Navient Corporation is a Delaware corporation with its principal place of business in Wilmington, Delaware.  Compl. ¶ 5.  Navient Solutions, LLC is a Delaware limited liability company with its principal place of business in Herndon, Virginia.  Compl. ¶ 6.  These factors effectively make

Delaware (or Virginia) the "paradigm for[a]" that could exercise general jurisdiction over Navient. *See Signal Peak Energy, LLC v. Generon IGS, Inc,* No. CV 17-66, No. CV 17-66, 2018 WL 5149659, at *2 (D. Mont. Oct. 22, 2018) ("Generally, corporations are only found "at home" in their place of incorporation and principal place of business because those are the two places where they have sufficiently continuous and systematic operations.").

Further, no Navient executives, officers, or managing members maintain offices in the State of California, and less than one percent of Navient Solutions, LLC's approximately 1980 employees are located in California. *See* Ex. B at ¶¶ 3-4. Meanwhile, in addition to being "at home" in Delaware and Virginia, there are a number of other states where Navient maintains operations, such as Pennsylvania and Indiana. As the Supreme Court emphasized in *Daimler*, "[a] corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Daimler*, 571 U.S. at 762 n.20; *see also, e.g., Wagner v. Terumo Med. Corp.*, No. 18cv1007, 2018 WL 6075951, at *5 (S.D. Cal. Nov. 21, 2018) ("The presence of Terumo's three affiliate locations in California, without more, does not confer general personal jurisdiction over Terumo.").[1]

Moreover, another California federal district court and an Ohio federal district court have rejected the exact same arguments that Plaintiff appears to present here regarding general jurisdiction over Navient. *See Henderson v. United Student Aid Funds, Inc.,* No. 13-cv-1845, 2015 WL 12658485, at *4 (S.D. Cal. Apr. 8, 2015) ("The Court finds that Plaintiff has failed to satisfy her

---

[1] Plaintiff's allegation that "Defendants regularly conduct and/or solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from services provided to persons in the State of California[]" (Compl. at ¶ 6) ignores *Daimler*'s exacting standard that Navient must be "at home" in California for general jurisdiction to exist. Further, Plaintiff's unsupported and conclusory allegation that "Defendants have engaged, and continue to engage, in substantial and continuous business practices in the State of California" (Compl. at ¶ 6) fares no better, particularly in light of the fact that *Daimler* "raised the bar" for general jurisdiction, which now "require[s] more than the 'substantial, continuous, and systematic course of business' that was once thought to suffice." *Kipp v. Ski Enter. Corp. of Wisconsin,* 783 F.3d 695, 698 (7th Cir. 2015); *see also Daimler*, 517 U.S. at 139 ("Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.") (internal quotation and citation omitted).

burden of establishing that Navient has sufficient minimum contacts with California to render it 'essentially at home' and for this Court to exercise general jurisdiction over it."); *Chinnock v. Navient Corp.*, No. 1:18-CV-1009, 2018 WL 5312462, at *4 (N.D. Ohio Oct. 26, 2018) ("To invoke general jurisdiction, [p]laintiff must show that [d]efendants are 'at home' in Ohio—meaning being incorporated or having their principal place of business here. Instead, [p]laintiff testified that [d]efendant Navient Corp. is incorporated, and maintains a principal place of business, in Delaware. And [p]laintiff does not even bother to allege where [d]efendants Navient Solutions or Navient Trust are at home. It appears they are Delaware or Virginia based. Meanwhile, [d]efendants have submitted an affidavit stating that they are incorporated and have principal places of business in either Delaware or Virginia.").

Finally, Plaintiff has not presented any facts to suggest that this is an "exceptional case" where a "corporation's operations in a forum other than its formal place of incorporation or principal place of business [is] so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19. No "exceptional circumstances" are alleged in the Complaint, nor could they be. The only precedential case Navient is aware of that presents an example of an "exceptional case" is *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), which the *Daimler* Court cited. *See Daimler*, 571 U.S. at 130 n.8. *Perkins* shows just how extreme the circumstances must be to present an "exceptional case." There, the Court permitted an Ohio court to exercise general jurisdiction over a Filipino-based company, because Ohio was the corporation's principal place of business during the period of time that Japan occupied the Philippines during World War II. *Perkins*, 342 U.S. at 447-48. This case does not measure up anywhere close to the unique facts in *Perkins*, and it is unlikely that any type of case involving non-wartime litigation ever would. *See Amiri v. DynCorp Int'l, Inc.,* No. 14-CV-3333, 2015 WL 166910, at *3 (N.D. Cal. Jan. 13, 2015) (noting that "in the overwhelming majority of cases there will be no occasion to explore whether a *Perkins*-type exception might apply").

In sum, Navient cannot be deemed "essentially at home" in California, and no other basis exists for this Court to exercise general jurisdiction.

## II.     NO SPECIFIC JURISDICTION IS PLED OR EXISTS OVER NAVIENT.

The Complaint makes no attempt to plead specific personal jurisdiction over Navient, and none can arise as a matter of law.  The Ninth Circuit employs a three-prong test to determine if a defendant has sufficient minimum contacts for the court to exercise specific personal jurisdiction: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).  Plaintiff's claims against Navient involve no act or transaction within California, nor do they arise from Navient's forum-related activities.  And, in any event, it would be unreasonable for a California court to exercise personal jurisdiction over Navient for this particular case.

### A.  The alleged facts forming the basis of the Complaint do not support a finding that Navient purposefully availed itself of California law.

Even if Plaintiff entered into a contractual relationship with Navient in California, that event occurred nearly 14 years ago, and none of the events actually giving rise to the claims asserted by Plaintiff took place in California.  A defendant purposefully avails itself of the privilege of conducting activities in the forum by deliberately "engag[ing] in significant activities within a State or [creating] continuing obligations between himself and the residents of the forum." *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (citation omitted).  This Court may not exercise specific personal jurisdiction over Navient in this matter, and the Complaint pleads no such jurisdiction in any event.[2]

---

[2] Additionally, Plaintiff cannot rely on the residencies of putative class members in an effort to obtain personal jurisdiction over Navient. *See Maeda v. Pinnacle Foods Inc.*, 390 F. Supp. 3d 1231, 1243 (D. Haw. 2019) ("It is well established that in a class action, personal jurisdiction requirements must be satisfied for each and every named plaintiff for the suit to go forward.") (citations and quotations omitted).

Plaintiff's residence in California in 2009, when he co-signed the Note, does not, in itself, support a finding of specific jurisdiction over Navient.  When a complaint involves contract-based claims, the Ninth Circuit has explained that the existence of a contract between a resident of the forum state and a non-resident defendant is insufficient, standing alone, to create personal jurisdiction over the non-resident defendant.  *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).  Rather, the Court must examine the non-resident defendant's *deliberate activities in the forum* that are related to its contract with the forum resident.  *See Burger King*, 471 U.S. at 475-76.  Courts have routinely found that a non-resident defendant does not deliberately "act" in the forum merely because the plaintiff signed a contract in the forum.  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 816 (9th Cir. 1988) (explaining that "the formality of signing the contract in California cannot establish jurisdiction."); *see also Lak, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1302 (6th Cir. 1989) (declining to exercise personal jurisdiction, even though "the final signature was placed on the contract in the forum state," where the "defendant [] never sent its representatives into the forum state" and the defendant "did not consummate the contract there."); *ConocoPhillips Co. v. Jump Oil Co., Inc.*, 948 F. Supp. 2d 1272, 1280 (N.D. Okla. 2013) ("The mere presence of one of the contracting parties in the forum state may not be enough to support the exercise of personal jurisdiction over a non-resident defendant, and the 'contract relied upon to establish minimum contacts must have a "substantial connection" with the forum state.'") (quoting *TH Agriculture & Nutrition, LLC v. Ace European Group, Ltd.*, 488 F.3d 1282, 1292 (10th Cir. 2007)); *Houseman v. DPI Food Products, Inc.*, No. Civ.A.2005-66, 2005 WL 2656123, at *4-5 (E.D. Ky. Oct. 18, 2005) (declining to exercise personal jurisdiction over defendant, even though plaintiff signed contract in the forum state).

This is not a case where Navient purposefully directed its activities at California.  The Complaint does not allege that Navient ever even contemplated further activity in California in regard to the Note.  *See Burger King*, 471 U.S. at 479 (explaining that in determining whether minimum contacts exist based on a contractual relationship, [courts] consider "prior negotiations and *contemplated future consequences*, along with the terms of the contract and the parties' actual course of dealing.") (emphasis added).  Rather, the California-based aspect of the relationship between

Plaintiff and Navient was never intended to be prolonged or continuing; California just happened to be the state where Plaintiff was located at the time he co-signed the Note.

Even in cases where a non-resident defendant engages in contract-based activities within the forum *after* an agreement is formed—something that Plaintiff does not allege here—that is still not necessarily enough to show specific jurisdiction. *See Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 970 (S.D. Tex. 2018) (explaining that, in some cases, "a forum court may not have specific personal jurisdiction over a foreign defendant that negotiates, executes and *even carries out portions of a contract with the claimant within the forum*—even in a breach of contract case.") (emphasis added), *aff'd*, 760 F. App'x 281 (5th Cir. 2019).

Further, the Note's choice-of-law provision only bolsters the conclusion that personal jurisdiction over Navient is lacking in California. Section P.3 of the Note states as follows:

> I understand that the Lender is located in the State listed in the introductory paragraph of this Note and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws *and laws of that State* to the extent not preempted, without regard to conflict of law rules."

Note, Ex. C at 8 (emphasis added). The introductory paragraph of the Note states that Sallie Mae Bank (the "Lender") was located in Murray, Utah. *Id.* at 4. This feature of the Note underscores that Navient did not purposefully avail itself of the privilege of conducting activities within California, "thus invoking the benefits and protections of its laws," because it did not seek to invoke California law. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also Burger* King, 471 U.S. at 481-82 (explaining that although a choice-of-law provision is not the be-all-end-all of the jurisdictional analysis, "[n]othing in our cases ... suggests that a choice-of-law provision should be ignored in considering whether a defendant has purposefully invoked the benefits and protections of a state's laws for jurisdictional purposes").[3]

---

[3] Moreover, at least one other federal district court has rejected arguments that a similar clause in a note issued by Sallie Mae was to be governed by the law of the forum where the borrower signed the note. *Smith v. ComputerTraining.com Inc.*, 772 F. Supp. 2d 850, 856 (E.D. Mich. 2011). In *Smith*, the plaintiffs argued that the note in that case "ma[de] clear that the relationship depends upon the state where the borrower resides," because, as the plaintiffs contended, the note "mention[ed] no

Even if the Note somehow indicated that either Plaintiff's or Navient's contractual obligations would flow through California or otherwise implicate California law, that too would be insufficient to justify the exercise of jurisdiction over Navient.  *See Picot*, 780 F.3d at 1212-13 ("[T]he fact that a contract envisions one party discharging his obligations in the forum state cannot, standing alone, justify the exercise of jurisdiction over another party to the contract.").

In sum, the Complaint does not identify any activity on the part of Navient that would indicate that Navient purposefully availed itself of California law.

**B. Plaintiff's Claims Do Not Arise Out of Nor Do They Relate To Any of Navient's Forum-Related Activities.**

Any California contacts that *Plaintiff* might have had at one time are irrelevant to the Court's analysis now.  The operative facts in this case, as alleged by Plaintiff, are centered in New York and Delaware.  Plaintiff's claims against Navient do not relate to or arise from any past or future activity by Navient through activities conducted in California.

Plaintiff's presence and previous residence in California are irrelevant to the specific jurisdictional analysis, which requires that "the relationship between the nonresident defendant, the forum, and the litigation '[] arise out of contacts that the "*defendant himself*" creates with the forum State.'"  *Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Walden*, 571 U.S. at 284) (emphasis added).  Further, "the minimum contacts analysis examines 'the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.'"  *Id.* (quoting *Walden*, 571 U.S. at 285).

Although Plaintiff and the borrower were located in California at the time they each signed the Note, the Complaint contains no other factual allegations that they were doing anything in California related to their obligations to Navient or that Navient expected or anticipated the same.

---

fewer than sixteen different states."  *Id.*   The court rejected that argument, explaining that the plaintiffs failed to provide any authority or "any compelling reason why the [c]ourt should expand the plain meaning of th[at] [clause] to hold that the entire [p]romissory [n]ote [was] governed by the law of the state in which each debtor resides, or by Michigan law."  *Id.* at 857.  The parties' selection of Utah law to govern the Note thus should be considered in this Court's jurisdictional analysis as additional evidence that jurisdiction is not proper in California.

The Complaint, at most, shows an incidental, isolated, and inconsequential contact between Navient and California, created by the sheer happenstance of Plaintiff's location there at the time. Whatever that "contact" might have amounted to at the time is of no moment anymore, where Plaintiffs' claims focus on Navient's collection activities *aimed at New York*, and which are likely *governed by Utah law*. *See Verotex Certainteed Corp. v. Consol. Fiberglass Prods. Co.*, 75 F.3d 147, 153 (3d Cir. 1996) (explaining that specific jurisdiction is based on the "dealing between the parties in regard to the disputed contract, not dealings unrelated to the cause of action.") (emphasis in original).

Navient contends that it never had sufficient contacts with California arising out of the Note such that the exercise of jurisdiction over Navient would have ever been proper. But even if at one time jurisdiction in California might have made sense, it certainly would not now. California simply has no connection at all with Plaintiff's allegations, which purely center on alleged collection activities between parties in New York and Delaware or Virginia and do not concern California in any way. Courts within the Ninth Circuit consistently decline to exercise personal jurisdiction over non-resident defendants in such circumstances. *Compare Aurora Corp. of America v. Michlin Prosperity Co., Ltd.,* No. CV 13-3516, 2015 WL 5768340, at *8 (C.D. Cal. Sept. 29, 2015) ("The mere fact that Defendant opted to participate in a business relationship with Plaintiff knowing that Plaintiff had an office in California is insufficient to create minimum contacts.") and *Azzarello v. Navagility, LLC,* No. C-08-2371, 2008 WL 4614667, at *4 (N.D. Cal. Oct. 16, 2008) (concluding that the defendant did not purposefully avail itself of California where plaintiff's "California location [did not] have any bearing on the terms or execution of the agreement") *with Roth*, 942 F.2d at 622 (concluding that defendant's contacts with California were sufficient because "[t]his [was] not an instance where the contract was a one-shot deal that was merely negotiated and signed by one party in the forum; on the contrary, most of the future of the contract would have centered on the forum").

The result should be no different here. Given that there is no connection between Navient's collection activities and California, the Court should conclude that Plaintiff's claims do not arise out of any purported contacts that Navient has with the forum.

**C. The exercise of jurisdiction over Navient would not comport with fair play and substantial justice.**

Navient maintains that the Court need not reach the third prong of the specific jurisdiction analysis, because Plaintiff has not met his burden to show that Navient purposefully availed itself of California law and that Plaintiff's claims arise out of Navient's contacts with California.  But even if Plaintiff could make those showings, jurisdiction is nonetheless inappropriate because Navient presents a "compelling case" that it would be unreasonable for the Court to exercise personal jurisdiction. *Burger King*, 471 U.S. at 477.  In determining reasonableness, the Court balances seven factors:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Freestream Aircraft (Berm.) Ltd. v. Aero L. Grp.,* 905 F.3d 597, 607 (9th Cir. 2018).  A review of each of these factors reveals that the balance tips in favor of Navient.

For the reasons discussed at length above, the extent of Navient's "purposeful interjection" into California's affairs is virtually non-existent.  The activities alleged by Plaintiff that form the basis of his claims all took place outside of California, and there is otherwise no indication that the parties intended, required, or even contemplated continuing their relationship in California after Plaintiff co-signed the Note.  Accordingly, the first factor weighs in Navient's favor.

The second factor also favors Navient.  As the Complaint makes abundantly clear, Plaintiff's alleged injuries stemming from Navient's collection activities took place at Plaintiff's residence in New York.  The operative facts, witnesses, and evidence will thus be primarily located in or near New York as well as Navient's offices in Delaware, Virginia, Pennsylvania, or Indiana.  The financial burden on Navient also makes the Court's exercise of jurisdiction over Navient in California improper.  It would be unreasonable to require Navient to bring all of its witnesses to California to testify when the only connection this case has to California is that Plaintiff resided in

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

1  California nearly 14 years ago.

2         As for the fourth factor, California has no interest in adjudicating this dispute, particularly

3  because a California court would almost certainly have to apply Utah law as a result of the choice of

4  law provision in the Note.  Moreover, the fourth factor is only concerned with whether "California

5  has an interest in providing effective legal redress for *its* residents," of which Plaintiff is no longer

6  one.  *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 145 F. Supp. 2d 1168, 1178

7  (N.D. Cal. 2001) (emphasis added).

8         The fifth factor also favors Navient.  In evaluating the fifth factor, the Ninth Circuit "look[s]

9  primarily at where the witnesses and the evidence are likely to be located."  *CoreVent Corp. v. Nobel*

10  *Indus. AB,* 11 F.3d 1482, 1489 (9th Cir. 1993).  Here, Delaware or Virginia is more efficient because

11  Navient is located there, and most of both parties' likely witnesses are located there or nearby on the

12  East Coast.  Requiring the parties and witnesses to travel to California would be grossly inefficient.

13         Finally, the sixth and seventh factors weigh in favor of Navient.  "[I]n this circuit, the

14  plaintiff's convenience is not of paramount importance."  *Dole Food Co., Inc. v. Watts*, 303 F.3d

15  1104, 1116 (9th Cir. 2002).  The sixth factor will typically weigh in favor of the defendant unless

16  "the chosen forum presents the only means of litigating a claim, or if refusing to exercise jurisdiction

17  would force the plaintiff to pursue the case in multiple locations."  *Nat'l Cas. Co. v. Burns & Wilcox*

18  *Ltd.,* No. CV-19-04854, 2020 WL 4039119, at *10 (D. Ariz. July 17, 2020).  *See, e.g., Menken*, 503

19  F.3d at 1061 ("Menken argues that Arizona may be the only forum that can hear his claim regarding

20  a violation of the Arizona statute, A.R.S. § 33–420; therefore, he may not get effective relief in

21  another forum."); *Dole Foods*, 303 F.3d at 1116 ("If California is not a proper forum, then Dole

22  would be required, in all likelihood, to litigate separate suits in at least two different countries, for

23  there does not appear to be any other single forum that could exercise personal jurisdiction over both

24  [defendants].").  As noted above, Navient is "at home" in Delaware or Virginia, and so Plaintiff can

25  bring his claims there.  For the same reason, the seventh factor likewise is in Navient's favor.  There

26  is no question that an alternative forum exists in at least Delaware or Virginia, where Defendants are

27

28

1  based.[4]

2       For all of the reasons set forth above, the Court should conclude that it would be

3  unreasonable to exercise specific jurisdiction over Navient.

4                                    **CONCLUSION**

5       For the foregoing reasons, specially-appearing Navient respectfully urges that this motion be

6  granted and that Navient be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(2).

7

8  DATED: November 10, 2022              MCGUIREWOODS LLP

9

10                                 By:   */s/ Benjamin J. Sitter*
                                         Benjamin J. Sitter
11                                       K. Elizabeth Sieg (*pro hac vice* forthcoming)
                                         Tower Two-Sixty
12                                       260 Forbes Avenue, Suite 1800
                                         Pittsburgh, PA 15222-3142
13                                       Telephone:  412-667-7904
                                         Email: bsitter@mcguirewoods.com
14                                       Email: bsieg@mcguirewoods.com

15                                       *Attorneys for Defendants Navient Corporation*
                                         *and Navient Solutions, LLC*
16

17

18

19

20

21

22

23

24

---

25  [4] The third factor is likely neutral, because it does not appear—at least on the face of the
26  Complaint—that litigation in this matter would create a conflict with Delaware or Virginia (or any
    other potential forum), which would almost certainly apply Utah law to this case.  *See, e.g.,*
27  *Lancaster v. Your Story Inc.*, No. CV-18-00128, 2018 WL 4095132, at *8 (D. Ariz. Aug. 28, 2018)
    (explaining that where contract at issue contained a New York choice of law clause, "the contract
28  dispute [would] be decided under New York law," "regardless of whether th[e] case [was] tried in
    Arizona or New York."