UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY KUO,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT CORPORATION, et al.,<br><br>Defendants. | Case No. 22-cv-05282-JD<br><br>**ORDER RE PERSONAL JURISDICTION AND TRANSFER** |

This is an action brought by plaintiff Lee Jay Kuo against defendants Navient Corporation and Navient Solutions, LLC (together, Navient). Kuo alleges claims for fraud, negligent misrepresentation, and violations of California's Rosenthal Fair Debt Collection Practices Act and Unfair Competition Law. Dkt. No. 1 (Compl.) ¶¶ 67-122. In 2009, Kuo co-signed as a guarantor a Bar Study Loan that was taken out by Charles Martin, who, in 2010, lost his job and filed for bankruptcy. *Id.* ¶ 25. Kuo alleges that (1) the "applicable statutes of limitations on Navient's claims against the guarantors began to run the moment the bankruptcies were discharged and Navient was no longer legally entitled to collect on the Bar Study Loans from the borrowers at the time of those discharges"; and (2) Navient continues to collect or attempt to collect money from Bar Study Loan guarantors even though its claims are time barred and even though it has not disgorged any of the money it improperly collected from the borrowers for years after their discharges." *Id.* ¶¶ 32-33.

Kuo filed this putative class action in federal court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). *Id.* ¶ 12. He alleges that he was residing in San Francisco, California, when he co-signed Martin's Bar Study Loan in 2009, and currently resides in New York City. *Id.* ¶ 4. New York is where he received Navient's collection notices in 2022. *Id.*, Exs. B-D. Navient Corporation is a Delaware corporation headquartered in Delaware, and

Navient Solutions LLC is a Delaware limited liability company, also headquartered in Delaware. *Id.* ¶¶ 5-6.

Navient says that "this matter has no connection with California," and asks to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Dkt. No. 17 at 4. Kuo contends that the Court can exercise specific personal jurisdiction over Navient. Dkt. No. 22. Kuo proposes that, as an alternative to dismissal, the case should be transferred to the Southern District of New York. *Id*.

The Court finds that it lacks personal jurisdiction over Navient, and that a transfer to the Southern District of New York is appropriate.

## DISCUSSION

### I.  PERSONAL JURISDICTION

"In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). A district court has discretion to decide the mode of resolving the jurisdictional motion, and when the Court determines that it will receive only written materials, "these very limitations dictate that a plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." *Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). All factual conflicts in the parties' affidavits are to be resolved in favor of the party asserting jurisdiction, namely the plaintiff. *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1177 (9th Cir. 2004).

When as here, no federal statute authorizes personal jurisdiction, the Court applies the law of the state in which the Court sits. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute, Cal. Code Civ. P. § 410.10, is coextensive with the limits of the Constitution's Due Process Clause, so the Court need only ensure that that clause permits the exercise of jurisdiction over defendant. *Schwarzenegger*, 374 F.3d at 800-01. The Fourteenth Amendment's Due Process Clause requires that "a State's assertion of personal

jurisdiction over a nonresident defendant be predicated on 'minimum contacts' between the defendant and the State." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980); *Int'l Shoe Corp. v. Washington*, 326 U.S. 310, 317 (1945)); *see also Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1024 (2021).

Personal jurisdiction may be general or specific. *Ford Motor*, 141 S. Ct. at 1024. Kuo's opposition brief argues only for the exercise of specific personal jurisdiction over Navient. *See* Dkt. No. 22. To be subject to specific personal jurisdiction, Navient must have had contacts with the forum state that "often go by the name 'purposeful availment,'" *i.e.*, it "must take 'some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State.'" *Ford Motor*, 141 S. Ct. at 1024-25 (citations omitted). In addition, Kuo's claims in this case "'must arise out of or relate to the defendant's contacts' with the forum." *Id*. at 1025.

The "exercise of jurisdiction must comport with fair play and substantial justice, i.e.[,] it must be reasonable." *Schwarzenegger*, 374 F.3d at 802. Kuo bears the burden of showing that Navient "purposefully directed its activities at the forum and that the instant claims arise out of relate to those activities." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979, 983-84 (9th Cir. 2021). Once both are established, the burden shifts to Navient "to present a 'compelling case' that the exercise of jurisdiction would be unreasonable and therefore violate due process." *Id*.

Kuo relies in large measure on defendants' "program to market and provide loans to California students," highlighting, for example, that defendants prepared and supplied California-specific forms and notices, and "provided application materials, marketing materials, and informational/instructional materials to California schools." Dkt. No. 22 at 6.[1] Kuo says that "defendants purposefully availed themselves of the privilege of doing business in general in California and, as part of that business, entered a contract with Martin and plaintiff in particular, deliberately seeking a years-long contractual relationship with them with clear benefits and risks

---

[1] Martin obtained a Bar Study Loan in 2009 from Sallie Mae, Inc., *see* Compl. ¶ 25, but both sides agree that their references to "defendants" include Sallie Mae, and that the Court can properly consider and attribute to Navient for jurisdictional purposes "the relevant actions of Sallie Mae that occurred before the corporate transition in 2014." Dkt. No. 22 at 1 n.1; Dkt. No. 27 at 1 n.1.

centered in California." *Id*. at 9. On this record, the Court finds that Kuo has adequately established that Navient "deliberately reached out beyond its home -- by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Ford Motor*, 141 S. Ct. at 1025 (cleaned up).

Even so, Kuo falters on the second prong of the specific personal jurisdiction test. While any claims that borrower Charles Martin may have against Navient would almost certainly arise out of and relate to Navient's California contacts, the same cannot be said for Kuo. Kuo's claims against Navient concern allegedly improper attempts to collect from Kuo on a "time-barred discharged" debt. Compl. ¶ 69. Kuo alleges that Navient sent to him in May 2022 a "form notice" that he was "'now responsible for payment' of" the loan made to Martin. *Id*. ¶ 27. In May 2022, Navient "sent Kuo a statement" demanding payment, and, despite correspondence in which Kuo disputed his obligation to pay, Navient "continued to attempt to bill Kuo" for the loan. *Id*. ¶¶ 32-40. It is undisputed that all of this correspondence occurred while Kuo was residing in New York, and the notice and statements attached as exhibits to Kuo's complaint plainly show they were mailed to his address in New York. *Id*., Exs. B-D.

Overall, the record demonstrates that Kuo's claims in his complaint -- for misrepresentations and improper debt collection practices -- "have nothing to do with defendants' conduct in California." *CZ Servs., Inc. v. Anthem Ins. Cos., Inc.*, No. 19-cv-04453-JD, 2022 WL 4126281, at *2 (N.D. Cal. Sept. 9, 2022), *aff'd*, No. 22-16504, 2023 WL 5624273 (9th Cir. Aug. 31, 2023). Consequently, the Court does not have personal jurisdiction over Navient.

## II. TRANSFER

The next question is whether the case should be dismissed or transferred under 28 U.S.C. Section 1406(a). *See* 28 U.S.C. 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of s[ection] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as

4

to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); *see also Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 n.4 (9th Cir. 1983).

Kuo has asked for a transfer to the Southern District of New York in lieu of a dismissal. *See* Dkt. No. 22 at 12-13. Navient states in its reply that this request was "not properly raised," citing the general requirements for filing motions in this District under Rules 7-1 and 7-2 of the Civil Local Rules. Dkt. No. 27 at 10. This is form over substance, and Navient has not said how it might have been prejudiced by Kuo's failure to propose a transfer in a separate motion. Otherwise, Navient did not oppose a transfer. *See id.*

As Kuo points out and as discussed above, he "currently lives within the Southern District of New York" and Navient "sought to collect payment from [Kuo] in that district." Dkt. No. 22 at 12. Navient "intentionally sent demands for payment to Plaintiff, knowing he resides in New York, and knowing he would suffer financial consequences in New York." *Id*. Kuo's claims here "arise out of those demands aimed at [him] in New York," *id*. at 13, and Navient has not identified any reason why the exercise of personal jurisdiction by a court in New York would be unreasonable. *See* Dkt. No. 27. A transfer to the Southern District of New York is consequently appropriate, and will serve the interest of justice. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk is directed to transfer this case to the United States District Court for the Southern District of New York.

**IT IS SO ORDERED.**

Dated: September 26, 2023

JAMES DONATO
United States District Judge

5